## In re PORT CITY MORTGAGE CO.
### No. 19124.

District Court, N. D. Ohio, E. D.
Sept. 11, 1931.

The memorandum of Referee Wm. B. Woods follows:

The Midland Bank filed its application for an order to show cause on the trustee why it should not be allowed to accept a proposal of T. F. McDonald for settlement of its claim against him as indorser of the bankrupt's note to the Midland Bank. When this application came on for hearing, the amount of the claim of the Midland Bank was in controversy, and the trustee filed objections to the bank's claim.

In orderly course before the application for order to show cause can be disposed of, it is necessary to consider the trustee's objections to the claim of the Midland Bank and fix the amount for which its claim should be allowed.

At the first meeting of creditors, the Midland Bank filed its proof of debt as a secured creditor against bankrupt. Upon objection, it was not allowed to vote for the trustee on its claim of deficiency at that time. Upon petition for review, the District Court reversed the referee, and the claim has remained on file without allowance or objections until application was made by the Midland Bank for an order to show cause upon the trustee why its offer for the settlement of its claim in full should not be accepted by the trustee.

Objections were filed by the trustee to the claim of the Midland Bank, as follows: (1) That there is due to the trustee from said creditor, or the predecessor in interest of said claimant, now known as the Liquidating Midland Bank, the sum of $1,400 received by the Midland Bank on March 31, 1927. (2) That there is also due to said trustee, in a like manner, the sum of $1,600 also received on the 31st day of March, 1927. (3) That there is due the estate the sum of $500 on a check issued August 15, 1927. This claim was withdrawn by the trustee. (4) That there is due the trustee $7767.50 on account of moneys belonging to bankrupt during the years 1927, 1928 and 1929. Upon this no testimony was offered.

The controversy arises over the first two items of objection, and they will be considered together; the last two being withdrawn from contest.

The testimony is that the Midland Bank held bankrupt's note dated December 17, 1929, for $38,410.42, having held prior notes in larger amounts; and that there is now due thereon $27,954.12, with interest on $28,454.12 from May 1, 1931, to May 5, 1931, and interest on the first amount from the later date at 7 per cent. Against this balance the trustee claims an offset of the two items in controversy totaling $3,000.

The original note was given to the Midland Bank, now the Liquidating Midland Bank, for $70,000, which sum was the total of several items testified to by an official of the bank and admitted by McDonald, the secretary of the bankrupt. At the time of its execution, there was also placed with the Midland Bank, now known as the Liquidating Midland Bank, as collateral, the mortgage of the Grand Forest Beach Company, together with the note, and afterwards, on January 15, 1930, the bank secured additional collateral, being the notes of the Northern Ohio Hotels Company, J. M. Hickerson, and Brownsville Publishing Company.

The testimony as to the $1,400 item shows it was a bonus received April 3, 1927, by the old Midland Bank, and that it went into the commission account, the original check being to the Midland Bank Company (Trustee's Exhibit 5).

The testimony as to the $1,600 item shows it was a check to Joseph W. Kennedy deposited in his personal account on April 2, 1927; the original check being made to cash (Trustee's Exhibits 11 and 6).

Neither item was ever received by the present Midland Bank, which presents this claim for allowance against the estate of the bankrupt. Testimony of Stigmier, p. 67.

To further establish its claim that the present Midland Bank should not be charged with the two items, reliance is had on its contract made on December 17, 1929. Excerpts of this contract between the Midland Bank, the Grand Forest Beach Company, the Port City Mortgage Company, the Liquidating Midland Bank, which bought certain assets of the old Midland Bank, appear in the briefs, and the contract itself is in the record. By this agreement all matters between the respective parties as of December 17th were settled by the new note given by the Port City Mortgage Company to the claimant, the Midland Bank, which the bankrupt ratified in executing the new note upon which it now asserts its claim. The claim is that any question of bonuses prior thereto was settled by this agreement contemporaneous to the execution of the note upon which proof is made.

The proof establishes that the present Midland Bank is a new corporation organized

after the original transaction with what is now known as the Liquidating Midland Bank; that the contract between the present Midland Bank and the Liquidating Midland Bank provided that the Liquidating Midland Bank should only take over certain liabilities, to wit, known liabilities, from which it follows that the Port City Mortgage Company, bankrupt, recognized the Midland Bank as a new party to this indebtedness.

On this state of the case it cannot be said that claimant, the Midland Bank, is a successor to the old Midland Bank, to which the first note was given; that successor is the Liquidating Midland Bank, so that the authorities urged by the trustee are not applicable.

The trustee also urges that to deny his objections would allow the two items totaling $3,000 which are usurious and illegal.

Since the bonus payments complained of were made in April, 1927, any claim of illegality for that cause should be made against the Liquidating Midland Bank; and for the same reason, as has been before indicated, the present claimant has a new note and contract from the bankrupt under date of December, 1929.

As to usury, Ohio General Code, § 8623-78, provides: "*Usury.* The limitations of section 8303 of the General Code shall not apply to any corporate obligation for the payment of money maturing or payable, in whole or in part one year or more after the date thereof, and no corporation, wherever organized, nor anyone in its behalf, shall interpose the defense or make the claim of usury in any suit, action or proceeding upon or with reference to any such obligation."

While the original note was for ninety days, the testimony was undisputed that the contract with the old Midland Bank was for three years, which fact the subsequent history of the loan and the conduct of the parties seems to bear out.

Under a prior statute, somewhat similar to the present law where a defense of usury was set up by a corporation, it was held that such defense was precluded. Alston, Assignee, v. American Mortgage Co., 116 Ohio St. 643, 157 N. E. 374. The circumstances of the case at bar bring it within the rule of Shinkle et al. v. First Nat. Bank, 22 Ohio St. 516, where there had been a payment of usurious interest, and any deduction from the note therefor was denied.

If there should be any question as to allowing the claim of the Midland Bank in full, it should be remembered that it is not disputed by the objecting trustee that there are sufficient assets in hand to pay all general creditors in full. As was said by Welch, Judge, in the Shinkle Case, 22 Ohio St. 524, "The whole thing was done by the mutual agreement of all parties, and that agreement and its execution on the part of the bank, and by Stivers, was the real consideration for the notes. * * *"

Since it is apparent that the general creditors of the bankrupt are to be paid in full, the objections of the trustee as their representative seem to be without merit.

The objections of the trustee will be overruled and the claim allowed as established by the proof.

Coming now to consider the application for an order to show cause on the trustee, it would appear that, under section 58 of the Bankruptcy Act (11 USCA § 94), this is an effort to compromise the controversy of the Midland Bank with the estate about its secured claim, and involves the closing of the estate by paying general creditors in full and the return of the balance of the assets to the corporation.

The further consideration of this application will be postponed until notice can be given to all creditors in accordance with the provisions of the Bankruptcy Act.

Counsel should prepare an order to put these findings in effect, and a date will be fixed for a meeting of creditors to further consider the application to compromise the controversy and dismiss the proceedings.

Deutsch & Dilgren, of Elyria, Ohio, and Frank C. Scott, of Cleveland, Ohio, for trustee.

A. V. Cannon, of Cleveland, Ohio, for Midland Bank.

JONES, District Judge.

If it were open to question the liability of the present claimant for usurious payments to the original note holder, the agreement of December 17, 1929, disposes of it. Order of referee confirmed; trustee's petition for review dismissed.